**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | |
|---|---|
| v. | |
| DERRICK GARVIN | CRIMINAL NO.  11-480 |

**MEMORANDUM OPINION**

Rufe, J.                                                                                                        **March 11, 2025**

Defendant Derrick Garvin moves for relief under 28 U.S. § 2255, challenging his sentence enhancement under the Armed Career Criminal Act ("ACCA"), 28 U.S.C. § 924(e), as contrary to law in light of *Johnson v. United States*.[1] For the reasons set for herein, the Court will grant his motion, vacate his sentence, and he will be resentenced.

  **I.**  **BACKGROUND**

In August 2012, Mr. Garvin pled guilty and was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At his sentencing in November 2012, Mr. Garvin was subject to ACCA's 15-year mandatory minimum sentence based on two prior drug convictions and a 1994 conviction for second degree robbery and aggravated assault. The Court sentenced Mr. Garvin to 188 months' imprisonment pursuant to the § 924(e) mandatory minimum term. The Court also imposed five years of supervised released and a special monetary assessment of $100.[2] The judgment of sentence was affirmed on direct appeal.[3] Mr. Garvin completed the term of imprisonment on January 12, 2024. He is presently

---

[1] 576 U.S. 591 (2015).

[2] Doc. No. 38.

[3] Doc. No. 44.

serving the term of supervised release and participating in the Court's STRIDES reentry program.[4]

On September 28, 2016, Mr. Garvin timely filed a § 2255 motion for relief based on *Johnson*.[5] His motion was stayed pending resolution of the controlling issues in the Court of Appeals and the Supreme Court.[6] On June 13, 2024, the Parties were ordered to provide updated briefing regarding the impact of Third Circuit developments on Mr. Garvin's motion under § 2255.[7] Both parties briefed the outstanding issues in Mr. Garvin's case and agreed that this motion is now ripe for disposition.[8]

## II.    LEGAL FRAMEWORK

Section 2255 empowers a court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States."[9] If a party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[10]

ACCA imposes a 15-year mandatory minimum sentence on any individual convicted under § 922(g) who also has three prior convictions "for a violent felony or a serious drug offense, or both."[11] ACCA defines "violent felony" as

---

[4] Because Mr. Garvin is still subject to supervised release, his motion is not moot. *See United States v. Scripps*, 961 F.3d 626, 631 (3d Cir. 2020); *United States v. Cottman*, 142 F.3d 160, 164 (3d Cir. 1998).

[5] 579 U.S. 591; *see* Pro Se Mot. Correct Sentence [Doc. No. 49]; Mot. Under 28 U.S.C. § 2255 [Doc. No. 51].

[6] *See* Mar. 4, 2019 Order [Doc. No. 62]; Jan. 29, 2020 Order [Doc. No. 67].

[7] Order [Doc. No. 100].

[8] *See* Gov't's Supp. Resp. Opp'n Mot. [Doc. No. 101]; Status Report [Doc. No. 102].

[9] 28 U.S.C. § 2255(a).

[10] *Id.* § 2255(b).

[11] 18 U.S.C. § 924(e)(1).

>any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>(i)   has as an element the use, attempted use, or threatened use of physical force against the person of another [*the elements clause*]; or
>
>(ii)  is burglary, arson, or extortion, involves use of explosives [*the enumerated offenses clause*], or otherwise involves conduct that presents a serious potential risk of physical injury to another [*the residual clause.*]¹²

In 2015, the United States Supreme Court held in *Johnson* that ACCA's "residual clause" was unconstitutionally vague and a violation of due process.¹³ After *Johnson*, prior convictions no longer qualify as "violent felonies" unless they satisfy one of ACCA's remaining provisions at § 924(e)(2)(B)—namely, the elements clause or the enumerated offenses clause.¹⁴ In 2016, *Johnson* was applied retroactively to those already serving sentences under ACCA.¹⁵

### A.   The Categorical and Modified Categorical Approach

Courts determine whether a prior conviction falls under ACCA's "elements clause" by applying the categorical approach.¹⁶ Under this approach, a court looks "only to the elements of a defendant's prior conviction, not 'to the particular facts underlying these convictions.'"¹⁷ A defendant's prior conviction constitutes an ACCA predicate only if the elements of the crime of conviction match the elements of a "violent felony" as defined in ACCA.¹⁸ If there is a mismatch—that is, if the elements of the crime of conviction "cover a greater swath of conduct

---

¹² 18 U.S.C. § 924(e)(2)(B).

¹³ 576 U.S. at 597.

¹⁴ *Welch v. United States*, 578 U.S. 120, 130 (2016).

¹⁵ *Id.* at 135.

¹⁶ *United States v. Abbott*, 748 F.3d 154, 157 (3d Cir. 2014).

¹⁷ *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)).

¹⁸ *Id.*

3

than the elements of the relevant ACCA offense"—then the conviction is not an ACCA predicate offense.[19]

When a statute is divisible, the court applies the modified categorical approach to determine whether the specific defendant's conviction was an ACCA predicate.[20] The modified categorical approach allows courts to determine the defendant's actual crime of conviction among several alternative possibilities in a divisible statute.[21] Under the modified categorical approach, the court refers to "*Shepard* documents"—"the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"—to determine the defendant's specific crime of conviction.[22] Notably, Pre-Sentencing Reports ("PSRs") are not *Shepard* documents, and the factual narratives describing prior convictions in PSRs *are not* evidence of the specific subsection to which a defendant pled guilty.[23]

However, if the *Shepard* documents do not reveal "with certainty" the defendant's crime of conviction among the possible divisible sections, the court must revert to the categorical approach.[24] If all sections of the statute are categorically ACCA predicates, the conviction is properly a predicate; if even one section of the statute exists that is not an ACCA predicate, the court must assume that the defendant's conviction is not an ACCA predicate.[25]

---

[19] *Mathis v. United States*, 579 U.S. 500, 509 (2016).

[20] *Abbott*, 748 F.3d at 157.

[21] *Id.*

[22] *Id.* at 158 (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)). "Documents that a jury or plea did not necessarily rely on . . . cannot be used in a court's determination of the crime of conviction under the modified categorical approach." *United States v. Ransome*, No. 04-014-1, 2024 WL 2057341, at *4 (E.D. Pa. May 8, 2024) (citing *Garrus v. Sec'y Pa. Dep't of Corrections*, 693 F.3d 394, 398, 412 (3d Cir. 2012)).

[23] *United States v. Johnson*, 587 F.3d 203, 212 n.10 (3d Cir. 2009).

[24] *Mathis*, 579 U.S. at 519; *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018).

[25] *Peppers*, 899 F.3d at 232-34.

**III.     DISCUSSION**

Mr. Garvin received the sentence enhancement provided by ACCA because at the time of his sentencing, his three prior convictions all qualified as predicate acts: two prior drug convictions and the 1994 second-degree robbery and aggravated assault conviction. There is no dispute that Mr. Garvin's two prior drug convictions qualify as ACCA predicate offenses. Mr. Garvin's entitlement to relief under § 2255 thus turns on whether his second-degree robbery and aggravated assault conviction constitutes a "violent felony" under ACCA. As robbery and aggravated assault do not fall under the enumerated offenses clause, that conviction is only an ACCA predicate if it falls under the elements clause.

In 1994, Mr. Garvin was convicted in Pennsylvania state court of "F2" robbery and "F2" aggravated assault.[26] Mr. Garvin's second-degree robbery conviction is not a valid ACCA predicate under *Borden v. United States* because it can be committed with a *mens rea* of recklessness.[27] The Government does not dispute this conclusion.[28] Thus, the resolution of this matter turns on whether Mr. Garvin's conviction for second-degree aggravated assault qualifies as a valid predicate.

When Mr. Garvin was convicted, the Pennsylvania aggravated assault statute contained the following subsections that were classified as second-degree offenses:

> (3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer, firefighter, or county adult probation or parole officer, county juvenile probation or parole officer or an agent of the Pennsylvania Board of Probation and Parole in the performance of duty;
>
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon; or

---

[26] Gov't Resp. Opp'n Mot., Ex. 1 at 23, 25 [Doc. No. 57-1]; *see also* PSR ¶¶ 34-35.

[27] 593 U.S. 420 (2021).

[28] Gov't Suppl. Resp. Opp'n Mot. at 4 [Doc. No. 101].

5

> (5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member, other employee or student of any elementary or secondary publicly-funded educational institution, any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school.[29]

This statute is divisible into multiple separate crimes, so the modified categorical approach applies.[30] The Court must turn only to the *Shepard* documents to identify Mr. Garvin's subsection of conviction.

The Government argues that subsection (a)(4), which the Third Circuit has determined to be a crime of violence, is "logically" the only subsection under which Mr. Garvin's conviction could have been entered.[31] It points to the fact that he used a "deadly weapon" and that "the state did not allege the identity of any victim who would meet the requirements of subsections (a)(3) and (a)(5)."[32] As "logical" or "apparent" as such a deduction may be, the Court cannot engage in such speculation.[33] The *Shepard* documents must reveal "with certainty" the crime of conviction among the several possible divisible offenses.[34] In *United States v. Harris*, for example, the charging documents were silent as to the victim's status, but the court could look to the plea colloquy to ascertain under which subsection the defendant was convicted.[35] Here, the charging document only establishes that Mr. Garvin was convicted of "F2" aggravated assault generally

---

[29] 18 Pa. Cons. Stat. § 2702(a).

[30] *United States v. Ramos*, 892 F.3d 599, 609 (3d Cir. 2018) (holding that Pennsylvania second-degree aggravated assault is divisible into its individual subsections).

[31] Gov't's Suppl. Resp. Opp'n Mot. at 6 [Doc. No. 101].

[32] *Id.*

[33] *Johnson*, 587 F.3d at 212 (declining to engage in a "speculative exercise that could implicate the very concerns the Supreme Court has expressed in explaining the prohibition on inquiries into the factual predicates of a defendant' crime," even where information "strongly suggests" intentional conduct).

[34] *Mathis*, 579 U.S. at 519.

[35] *United States v. Harris*, 68 F.4th 140, 145-46 (3d Cir. 2023).

and does not specify the subsection under which he was convicted, and there are no other *Shepard* documents upon which to rely.[36]

Where, as here, there is uncertainty about the offense of conviction, the Court must apply the categorical approach and analyze the least culpable conduct criminalized by the statute of conviction.[37] The categorical approach only allows a divisible statute to be used as an ACCA predicate if *all* the subsections in effect at the time describe ACCA crimes of violence.[38] Should even one subsection fail to qualify as an ACCA predicate, Mr. Garvin's conviction must be considered as if his were not an ACCA predicate. In *United States v. Jenkins*, the Third Circuit held that § 2702(a)(3), a provision of the second-degree aggravated assault statute, is not an ACCA predicate.[39] Thus, the Court must assume that Mr. Garvin's conviction fell under that provision and conclude that his aggravated assault conviction is not a proper ACCA predicate.

## IV. CONCLUSION

Mr. Garvin has met his burden to show that he is entitled to relief under *Johnson*,[40] because his conviction for second-degree robbery and aggravated assault is not a proper ACCA predicate offense, and thus he does not have three prior qualifying convictions. Thus, the Court

---

[36] Gov't's Resp. Opp'n Mot., Ex. 1 at 25 [Doc. No. 57-1]. *See also* Gov't's Resp. Opp'n Mot. at 5-6 [Doc. No. 57] (conceding that the charging documents only establish that Mr. Garvin was convicted of "F2" aggravated assault.)

[37] *See Peppers*, 899 F.3d at 232-33.

[38] *See id.*

[39] *United States v. Jenkins*, 68 F.4th 148, 150 (3d Cir. 2023).

[40] As a last-ditch effort, the Government relies on *United States v. Pereida*, 592 U.S. 224 (2021), to shift the "burden to identify the statutory basis of the aggravated assault conviction" to Mr. Garvin. Gov't's Suppl. Resp. Opp'n Mot. at 9-10 [Doc. No. 101]. The Court joins the chorus of courts in this District that have declined to apply such a burden-shift as "fundamentally unfair." *United States v. Singleton*, No. 11-cr-76, 2023 WL 3569965, at *4 (E.D. Pa. May 18, 2023) (McHugh, J.); *see also Ransome*, 2024 WL 2057341, at *5 (Brody, J.) (same, and explaining that *Pereida* was decided in the context of an entirely different area of law); *United States v. Delaney*, 606 F. Supp. 3d 143, 149-50 (E.D. Pa. 2022) (Goldberg, J.) (same); *United States v. Parrott*, 585 F. Supp. 3d 661, 667-68 (E.D. Pa. 2022) (Surrick, J.) (same); *United States v. Giles*, No. 94-cr-20, 2021 WL 5418158, at *6 (E.D. Pa. Nov. 19, 2021) (Baylson, J.) (same).

will grant Mr. Garvin's motion, vacate his sentence, and schedule a resentencing hearing. An order will be entered.